# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO MAGANA,<br>     Plaintiff,<br><br>           v.<br><br>FCA US, LLC, et al.,<br>     Defendants. | CV 20-2223 DSF (Ex)<br><br>Order Remanding Case to State Court |

   This case was removed on the basis of diversity. It is undisputed that one of the Defendants, Stevens Creek Chrysler Jeep Dodge, is not diverse from Plaintiff. Removing Defendant FCA US, LLC argues that Stevens Creek is fraudulently joined.

   A defendant who is a resident of the forum state is fraudulently joined "'if the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Grancare, LLC v. Thrower, 889 F.3d 543, 549 (9th Cir. 2018). In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)) (emphasis in original). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. at 550.

The entirety of the fraudulent joinder argument is as follows:

> 31. Here, Plaintiff has sued FCA for six causes of action except the seventh cause of action for "Negligent Repair" which is claimed only against Stevens Creek. FCA believes Plaintiff has no intention of prosecuting this claim against Stevens Creek. Indeed, a review of the Complaint's allegations regarding Stevens Creek are bare-boned, non-specific allegations as related to Stevens Creek. (Compl., *generally* and ¶¶ 46-50).
>
> 32. Accordingly, it is evident these claims were only brought to defeat the claim of diversity and removal to Federal Court. Indeed, FCA's counsel's vast litigation experience in opposing these type of cases has been that individual dealerships have not been regularly sued. (Stuhlbarg Decl., ¶ 7). Because Plaintiff's joinder of Stevens Creek is fraudulent, this Court has the jurisdiction to accept this matter. Accordingly, complete diversity exists for purposes of 28 U.S.C. § 1332 jurisdiction.

Notice of Removal ¶¶ 31-32.

This falls far short of convincing the Court that the claim against Stevens Creek is even deficient, let alone obviously deficient and not capable of being cured by amendment.

The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: March 26, 2020

_____
Dale S. Fischer
United States District Judge